NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  08-1716
_____

UNITED STATES OF AMERICA,

v.

SHAFF RANDOLPH,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cr-00720)
District Judge:  Honorable Bruce W. Kauffman
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2011

Before:  BARRY and HARDIMAN and NYGAARD, *Circuit Judges*.

(Filed:  April 28, 2011)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Shaff Randolph challenges the sufficiency of the evidence supporting his

convictions for three drug-related offenses.  We will affirm.

I

Because we write for the parties, we review only the essential facts and we do so in the light most favorable to the Government, as the verdict winner. *United States v. Hoffecker*, 530 F.3d 137, 146 (3d Cir. 2008).

After finding a suspicious package on February 28, 2006, a UPS supervisor opened it, discovered three one-kilogram bricks of what appeared to be cocaine, and notified a drug task force officer. The officer removed the bricks, confirmed they were cocaine, and repackaged a small amount of cocaine with sham cocaine to be delivered to one "Terry Brown" at 5157 Arbor Street in Philadelphia. Law enforcement obtained a search warrant for that address and an undercover officer delivered the package while posing as a UPS employee that same day.

A woman named Tanya Kels signed for the package using the false name "Tarika Brown." Tanya then called her brother, Shaff Randolph, who arrived at the house minutes later. Randolph soon exited the house with the unopened package and, when he saw uniformed officers approaching, threw the package onto the lawn. The officers arrested Randolph and removed a loaded nine-millimeter handgun from his waistband.

Randolph was charged with conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846; attempted possession of 500 grams or more of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846; and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

2

At trial, the Government introduced UPS records revealing that five other packages, with the same false shipper and receiver information, had been received by someone signing as "Brown" at the Arbor Street address between August 2005 and February 2006. Samuel Marshall, a confidential informant and Randolph's (former) close friend, testified that Randolph admitted that he was expecting a delivery of five kilograms of cocaine at his sister's Arbor Street residence in August 2005. Randolph also disclosed to Marshall on one other occasion that he was expecting another drug shipment to the same address sometime between August 2005 and February 2006. Finally, the Government offered expert testimony that the circumstances surrounding Randolph's arrest, *i.e.*, the large quantity and value of cocaine involved, the attempt to discard the package, and the close proximity of a loaded handgun, were all indicative of Randolph's intent to distribute drugs.

Following a three-day jury trial, Randolph was convicted of all three counts. Although Randolph did not move for a judgment of acquittal, he filed this timely appeal.[1]

II

Randolph's sole claim on appeal is that the evidence was insufficient to support his convictions. We have noted that "'[t]he burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely high.'" *United States v. Riley*, 621 F.3d 312, 329 (3d Cir. 2010) (quoting *United States v. Lore*, 430 F.3d 190, 203-04 (3d Cir. 2005)).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Where, as here, the defendant did not preserve the issue by moving for a judgment of acquittal, we review for plain error.[2]  *United States v. Mornan*, 413 F.3d 372, 381 (3d Cir. 2005).  "A conviction based on insufficient evidence is plain error only if the verdict 'constitutes a fundamental miscarriage of justice.'"  *United States v. Thayer*, 201 F.3d 214, 219 (3d Cir. 1999) (quoting *United States v. Barel*, 939 F.2d 26, 37 (3d Cir. 1991)).

## III

To support his sufficiency of the evidence argument, Randolph points only to the lack of confidential informant testimony showing that he knew that the particular package delivered on February 28, 2006 contained narcotics.  Relying on our recent decision in *United States v. Boria*, 592 F.3d 476 (3d Cir. 2010), Randolph argues that without this direct evidence, his drug conspiracy, possession, and firearms convictions cannot stand.  We disagree.

We have never held that the defendant's knowledge can be proven *only* by direct evidence.  To the contrary, we have stated that "[i]t is not unusual that the government will not have direct evidence.  Knowledge is often proven by circumstances.  A case can be built against the defendant grain-by-grain until the scale finally tips."  *United States v. Iafelice*, 978 F.2d 92, 98 (3d Cir. 1992); *see also United States v. Carr*, 25 F.3d 1194,

---

[2]  Had Randolph moved for a judgment of acquittal, we would review the denial of that motion under a "highly deferential" plenary standard.  *See United States v. Lee*, 612 F.3d 170, 178 (3d Cir. 2010).  Given the strength of the Government's case, our result would be the same under that standard.

1201 (3d Cir. 1994) ("[T]he government can rely entirely on circumstantial evidence to prove that an alleged conspirator had the knowledge and intent necessary to commit the crime."). Nothing in *Boria*, dicta or otherwise, called this principle into question.[3]

The mountain of circumstantial evidence in this case, viewed as a whole and in the light most favorable to the Government, was more than sufficient for a rational jury to infer that Randolph knew that the UPS package contained drugs. At trial, Marshall testified that Randolph told him on at least two prior occasions that he was expecting a UPS shipment of cocaine at his sister's home. UPS records indicated that five packages had been delivered to his sister's home and had been signed for by "Brown." Randolph's sister, Tanya Kels, also testified that on the date of the incident in question, Randolph had been waiting at her home for the package, but left before it arrived. Upon seeing the police, Randolph immediately attempted to distance himself from the package by throwing it on the lawn. The police searched Randolph and found in his waistband a loaded handgun, which we have long recognized as a "tool[] of the drug trade." *United States v. Russell*, 134 F.3d 171, 183 (3d Cir. 1998). Given Randolph's history of using the false name "Brown," his sister's home, and UPS to transport narcotics, as well as his reaction upon seeing the police, the evidence was more than sufficient for a rational jury to conclude that he knew that the package contained drugs.

---

[3] "[W]e have consistently required the Government to introduce drug-related evidence, considered with the surrounding *circumstances*, from which a rational trier of fact could logically *infer* that the defendant knew a controlled substance was involved in the transaction at issue." *Boria*, 592 F.3d at 481 (emphasis added).

5

## IV

For the foregoing reasons, we will affirm Randolph's convictions.